Bank of Am., N.A. v Farkas (2025 NY Slip Op 02900)

Bank of Am., N.A. v Farkas

2025 NY Slip Op 02900

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2024-02547
 (Index No. 501698/14)

[*1]Bank of America, N.A., respondent, 
v
Leah Farkas, appellant, et al., defendants.

Zeltser Law Group, PLLC, Brooklyn, NY (Naomi Zeltser of counsel), for appellant.
Aldridge Pite, LLP, Melville, NY (David Welch and Kenneth Sheehan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Leah Farkas appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated October 2, 2023. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 5015(a) to vacate a prior order of the same court dated August 1, 2022, inter alia, in effect, granting the plaintiff's unopposed motion for leave to reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, which had been denied in an order of the same court (Noach Dear, J.) dated February 5, 2020, and, upon reargument, in effect, vacating the determination in the order dated February 5, 2020, denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and thereupon, granting those branches of the prior motion.
ORDERED that the order dated October 2, 2023, is affirmed insofar as appealed from, with costs.
In 2014, the plaintiff commenced this action to foreclose a mortgage against the defendant Leah Farkas (hereinafter the defendant), among others. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. By order dated February 5, 2020, the Supreme Court, among other things, denied those branches of the motion. Thereafter, the plaintiff moved for leave to reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant failed to oppose the motion. In an order dated August 1, 2022 (hereinafter the August 2022 order), the court, inter alia, in effect, granted the plaintiff's unopposed motion for leave to reargue and, upon reargument, in effect, vacated the determination in the order dated February 5, 2020, denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and thereupon, granted those branches of the prior motion.
In September 2022, the defendant moved, among other things, pursuant to CPLR 5015(a) to vacate the August 2022 order and for summary judgment dismissing the complaint insofar [*2]as asserted against her. By order dated November 29, 2022 (hereinafter the November 2022 order), the Supreme Court denied the defendant's motion, concluding that the defendant failed to demonstrate a reasonable excuse for her default in opposing the plaintiff's motion for leave to reargue. The defendant did not appeal from this order. In June 2023, the defendant made a second motion, inter alia, pursuant to CPLR 5015(a) to vacate the August 2022 order. In an order dated October 2, 2023, the court, among other things, denied that branch of the defendant's motion. The defendant appeals.
A party is precluded from moving to vacate his or her default on grounds asserted in a prior motion to vacate the default that had been previously denied in an order from which that party took no appeal or on grounds that were apparent at the time that the party made the prior motion but were not asserted therein (see A.G. Parker, Inc. v 246 Rochester Partners, LLC, 165 AD3d 743, 744; U.S. Bank N.A. v Davis, 161 AD3d 808, 809; LaSalle Natl. Bank Assn. v Odato, 126 AD3d 675, 676). Here, that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate the August 2022 order was premised on grounds asserted in her prior motion for the same relief, which had been denied in the November 2022 order from which she took no appeal, as well as grounds that were apparent at the time the defendant made the prior motion, but were not asserted in that prior motion (see U.S. Bank N.A. v Davis, 161 AD3d at 809; Eastern Sav. Bank, FSB v Brown, 112 AD3d 668, 670).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate the August 2022 order.
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court